E-FILED
Wednesday, 02 November, 2005 04:08:48 PM
Clerk, U.S. District Court, ILCD

FILED
NOV - 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

U.S. DISTRICT COURT
FOR CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHEMTREAT, INC. a Virginia corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05 CV 1336 ) |
| GREGORY P. KINSMAN, and MICHELLE M. KINSMAN, individually and d/b/a REMA CHEMICALS. | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES CHEMTREAT, INC., a Virginia corporation ("CHEMTREAT") by its attorneys, Cassidy & Mueller, and for its cause of action agisnt the Defendants, GREGORY P. KINSMAN, and MICHELLE M. KINSMAN, individually and d/b/a REMA CHEMICALS ("REMA") states as follows:

### COUNT I

### (BREACH OF CONTRACT)

For Count I of its cause of action, against Defendant, GREGORY P. KINSMAN, Plaintiff states:

1. The Plaintiff is a Virginia corporation with its principal place of business located in the State of Virginia. The Defendants, GREGORY P. KINSMAN and MICHELLE M. KINSMAN, individually and d/b/a REMA, are residents of the State of Illinois. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand ($75,000) Dollars.

2. At all relevant times CHEMTREAT was, and is, engaged in the sale and distribution of water treatment chemicals for use in boilers, cooling towers, heating and air conditioning systems, and other related products and servicing equipment.

3. At all relevant times GREGORY P. KINSMAN was an employee of CHEMTREAT pursuant to a valid and enforceable Employment Agreement, a copy of which is attached hereto as Exhibit A.

4. Pursuant to the terms of his Employment Agreement, GREGORY P. KINSMAN owed certain obligations and duties to CHEMTREAT, including:

    a. The obligation to devote his entire time and duty exclusively to the business of CHEMTREAT;

    b. The obligation to not engage in any other business, either for himself or for the account of any other person, firm or corporation;

    c. The obligation to not call upon or enter into any sales or servicing agreements with any CHEMTREAT customer for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, or service competitive with any product or service produced by CHEMTREAT;

    d. The obligation to not disclose any proprietary information of CHEMTREAT including, but not limited to, product specifications, technical data and product formulations; and

    e. The implied obligation of good faith and fair dealing with CHEMTREAT.

5. During presently unknown times during 2004 and 2005 the Defendant, GREGORY P. KINSMAN, wrongfully and without legal justification breached the express and implied terms of his Employment Agreement in one or more of the following ways:

    a. In conjunction with his wife created a chemical business, REMA, for the sole purpose of competing with CHEMTREAT in his sales region;

    b. Engaged himself in the competing business of REMA for the material benefit of himself and his wife;

    c.    Made sales calls upon existing customers of CHEMTREAT for the purpose of diverting those customers to REMA;

    d.    Called upon prospective customers of CHEMTREAT and diverted their business to REMA;

    e.    Intentionally and knowingly misrepresented the status of CHEMTREAT, and his employment with CHEMTREAT, for the purpose of inducing CHEMTREAT customers to place orders with REMA;

    f.    Disclosed proprietary and technical product specifications of CHEMTREAT to outside chemical distributors for the purpose of filling orders for CHEMTREAT customers which had been diverted to REMA; and

    g.    Conspired to create an operating business and divert CHEMTREAT existing and prospective customers for his own financial benefit in violation of his implied covenant of good faith and fair dealing.

6.    As a direct and proximate result of one or more of the foregoing breaches of the Employment Agreement, CHEMTREAT has lost sales and income, and will continue to lose income in the future, has lost, and will continue to lose customers, business and profits, and has sustained significant injury to its business reputation and goodwill all in an amount in excess of $75,000.

7.    Pursuant to the terms of the Employment Agreement, GREGORY P. KINSMAN, is responsible to reimburse CHEMTREAT for all costs and attorneys fees incurred as a result of any breach thereof.

8.    CHEMTREAT is at this point unable to accurately calculate the amount of the damages it has incurred as result of Defendants' actions due to the fact that the sales records of the customers diverted by Defendants are currently in Defendants' possession and the full extent of Defendants' wrongful conduct has not yet been fully determined.

WHEREFORE, Plaintiff CHEMTREAT, INC., a Virginia corporation, prays for judgment in its favor and against Defendant, GREGORY P. KINSMAN, in an amount in excess of $75,000 and for recovery of its costs and attorneys' fees incurred in this action.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT II

### (INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS)

For Count II of its cause of action, against GREGORY P. KINSMAN, CHEMTREAT states as follows:

1-5. CHEMTREAT repeats and re-alleges paragraphs 1 through 5 of Count I of its cause of action against GREGORY P. KINSMAN as and for paragraphs 1 through 5 of Count II of its cause of action.

6. Prior to the wrongful conduct of Defendant, GREGORY P. KINSMAN, CHEMTREAT enjoyed a continuing business relationship with its existing customers.

7. At all relevant times Defendant, GREGORY P. KINSMAN, was aware of the continuing business relationship between CHEMTREAT and its existing customers.

8. Defendant, GREGORY P. KINSMAN, intentionally and knowingly interfered with the business relationships which existed between CHEMTREAT and its customers in undertaking to divert those customers to his own competing business and thereby, cause existing customers of CHEMTREAT to terminate their relationship with CHEMTREAT.

9. As a direct and proximate result of the intentional interference with a business relationship which existed between CHEMTREAT and its existing customers, CHEMTREAT has sustained damage in the form of past and future lost sales, income and profits and has sustained damage to its business reputation and good will.

10. CHEMTREAT is at this point unable to accurately calculate the amount of the damages it has incurred as result of Defendants' actions due to the fact that the sales records of the customers diverted by Defendants are currently in Defendants' possession and the full extent of Defendants' wrongful conduct has not yet been fully determined.

WHEREFORE, Plaintiff CHEMTREAT, INC., a Virginia corporation, prays for judgment in its favor and against Defendant, GREGORY P. KINSMAN, for compensatory damages in an amount in excess of $75,000 and for punitive damages in the amount of $250,000, together with its costs of suit.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT III

## (BREACH OF FIDUCIARY OBLIGATION - DAMAGES)

For Count III of its cause of action, against GREGORY P. KINSMAN, Plaintiff states as follows:

1-5. CHEMTREAT repeats and re-alleges paragraphs 1 through 5 of Count I of its cause of action against GREGORY P. KINSMAN as and for paragraphs 1 through 5 of Count III of its cause of action.

6. By virtue of the Employment Agreement the Defendant, GREGORY P. KINSMAN, stood in a fiduciary relationship with CHEMTREAT.

7. Defendant, GREGORY P. KINSMAN, breached the fiduciary which he owed to CHEMTREAT by his actions in diverting the customers and business opportunities of CHEMTREAT to his own benefit and appropriating the confidential proprietary information of CHEMTREAT to his own benefit.

8. As a direct and proximate result of the Defendant's breach of his fiduciary duties to CHEMTREAT, CHEMTREAT has sustained damages in the form of past and future lost sales, income and profits and has sustained damage to its business reputation and good will.

9. CHEMTREAT is at this point unable to accurately calculate the amount of the damages it has incurred as result of Defendants' actions due to the fact that the sales records of the customers diverted by Defendants are currently in Defendants' possession and the full extent of Defendants' wrongful conduct has not yet been fully determined.

WHEREFORE, Plaintiff CHEMTREAT, INC., a Virginia corporation, prays for judgment in its favor and against Defendant, GREGORY P. KINSMAN, for compensatory damages in an amount in excess of $75,000 and for punitive damages in the amount of $250,000, together with its costs of suit.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT IV

### (BREACH OF FIDUCIARY OBLIGATION - CONSTRUCTIVE TRUST AND INJUNCTIVE RELIEF)

For Count IV of its cause of action, against GREGORY P. KINSMAN, Plaintiff states as follows:

1-5. CHEMTREAT repeats and re-alleges paragraphs 1 through 5 of Count I of its cause of action against GREGORY P. KINSMAN as and for paragraphs 1 through 5 of Count IV of its cause of action.

6-9. CHEMTREAT repeats and re-alleges paragraphs 6 through 9 of Count III of its cause of action against GREGORY P. KINSMAN as and for paragraphs 6 through 9 of Count IV of its cause of action.

WHEREFORE, Plaintiff CHEMTREAT, INC., a Virginia corporation, prays for the following equitable relief,

    a.    For the imposition of a constructive trust upon the proceeds realized by Defendants from sales to CHEMTREAT'S existing and prospective customers in violation of Defendants' fiduciary duty;

    b.    For a permanent injunction against Defendants enjoining them from continuing to sell to, service or otherwise conduct business with the customers, and prospective customers of CHEMTREAT which were diverted as a result of Defendants' breach of his fiduciary duties; and

    c.    For such other and further relief as the Court deems just and reasonable.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT V

### (TEMPORARY AND PERMANENT INJUNCTIVE RELIEF)

For Count IV of its cause of action, against Defendant, GREGORY P. KINSMAN, CHEMTREAT states as follows:

1-5.    CHEMTREAT repeats and re-alleges paragraphs 1 through 5 of Count I of its cause of action against GREGORY P. KINSMAN as and for paragraphs 1 through 5 of Count V of its cause of action.

6.    The Trade Secrets and Confidentiality Agreement, which is made a part of the Employment Agreement, provides, in relevant part, as follows:

> ... I will not disclose to persons not employed by the Corporation or to those persons employed by the Corporation to whom disclosure has not been previously approved by the president or any vice president of the Corporation, or used directly or indirectly, during or after my employment with the Corporation, any information of the Corporation I obtained during the course of my employment relating to inventions, products, product specifications, processes, procedures, prices, discounts, manufacturing costs, business affairs, future plans, technical data, customer lists (customer lists to include among other things customer requirements, products purchased by customers, and

customer contacts and other business information pertaining to such customer), product formulations, marketing techniques and costs data.

2. Upon termination of my employment, for any reason, I shall not remove or retain without the Corporation's prior written consent any figures, calculations, letters, papers, drawings, reports, financial statements, product specifications, customer lists, product formulations, cost data or other confidential information of any type or descriptions, or copies, summaries or extracts thereof, and I shall promptly return ....

7. Moreover, the Employment Agreement, provides, in relevant part, as follows:

During the eighteen (18) months following the effective date of termination by either party of the employment relationship created hereunder, employee shall not in his own name, or as a consultant, or in any other capacity on behalf of any other person or entity solicit, call upon, communicate with, enter into any sales or servicing agreements with, or attempt to communicate with any CHEMTREAT customer or prospective customer, as defined herein, for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment then sold, offered for sale, provided, or under development by CHEMTREAT.

8. The Defendant is in breach of the foregoing contractual covenants by virtue of his aforesaid wrongful conduct.

9. Defendant's continued violation of the foregoing contractual covenant will result in irreparable harm to CHEMTREAT for which there is no adequate remedy at law.

10. Pursuant to the terms of the Employment Agreement, GREGORY P. KINSMAN, is responsible to reimburse CHEMTREAT for all costs and attorneys' fee incurred as a result of any breach and/or enforcement thereof.

WHEREFORE, Plaintiff CHEMTREAT, INC., a Virginia corporation, prays that this Court enter a temporary and permanent injunction against the Defendant, GREGORY P. KINSMAN, as follows:

a.  Enjoining Defendant from soliciting, calling upon, communicating with, entering into any sales or servicing agreements with, or attempting to communicate with any person or entity that is a customer of CHEMTREAT (or any representative of such person or entity) with whom Defendant had any contact, communication, or for which he had supervisory, sales or service responsibility during any of the eighteen (18) consecutive calendar months preceding his termination of employment with CHEMTREAT for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment sold, offered for sale, provided or under development by CHEMTREAT, either for his own benefit or on behalf of any other person or entity;

b.  Enjoining Defendant from soliciting, calling upon, communicating with, entering into any sales or servicing agreements with, or attempting to communicate with any person or entity (a representative of such entity) for which Defendant performed or participated in a survey or written proposal during the twelve (12) consecutive calendar months preceding his termination of employment with CHEMTREAT for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment sold, offered for sale, provided or under development by CHEMTREAT, either for his own benefit or on behalf of any other person or entity;

c.  Enjoining Defendant, GREGORY P. KINSMAN, from disclosing to any persons or entities any information relating to inventions, products, product specification, processes, procedures, prices, discounts, manufacturing costs, business affairs, future plans, technical data, customer lists, product formulations, marketing techniques and cost data received or learned by him during his course of his employment with CHEMTREAT;

c.  Enjoining Defendant, GREGORY P. KINSMAN, from engaging in any business or other endeavor in competition with CHEMTREAT; and

d.  For such other and further injunctive relief as the Court deems warranted.

e.  For recovery of its costs of suit, including the reasonable attorneys' fees incurred.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT VI

### (INTENTIONAL INTERFERENCE WITH CONTRACT)

For Count VI of its cause of action, against Defendant, MICHELLE M. KINSMAN, individually and d/b/a REMA, CHEMTREAT states as follows:

1-5. CHEMTREAT repeats and re-alleges paragraphs 1 through 5 of Count I of its cause of action as and for paragraphs 1 through 5 of Count VI of its cause of action, against MICHELLE M. KINSMAN.

6. At all relevant times, MICHELLE M. KINSMAN was aware of the existence of a valid and enforceable Employment Agreement between her husband and CHEMTREAT.

7. Despite knowledge of the existence of a valid Employment Agreement between her husband and CHEMTREAT, MICHELLE M.KINSMAN intentionally and willfully interfered with said contractual relationship in one or more of the following ways:

    a. Conspired with her husband to create a business, REMA, for the sole purpose of competing with CHEMTREAT;

    b. Conspired with, and induced her husband to call upon existing customers of CHEMTREAT for the purpose of diverting the business to REMA;

    c. Conspired with, and induced her husband to call upon prospective customers of CHEMTREAT for the purpose of procuring said business for herself and REMA;

    e. Conspired with, and induced her husband to disclose proprietary and technical product specifications of CHEMTREAT for the purpose of filling orders for CHEMTREAT customers which had been diverted to REMA; and

    f. Coerced and induced her husband to otherwise breach the Employment Agreement with CHEMTREAT for her own benefit.

8. As a direct and proximate result of the conduct MICHELLE M.KINSMAN her husband, GREGORY P. KINSMAN, breached his Employment Agreement with CHEMTREAT.

9. As a direct and proximate result of the conduct MICHELLE M.KINSMAN CHEMTREAT sustained damages in the form of past and future lost sales, income and profits and has sustained damage to its business reputation and good will.

WHEREFORE, Plaintiff, CHEMTREAT, INC., a Virginia corporation, for judgment in its favor and against the Defendant, MICHELLE M.KINSMAN, individually and d/b/a REMA, for an amount in excess of $75,000 in compensatory damages and punitive damages in the amount of $250,000 plus costs of suit.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT VII

**(AIDING AND ABETTING INTERFERENCE WITH BUSINESS RELATIONSHIPS)**

For Count VII of its cause of action, against MICHELLE M.KINSMAN, CHEMTREAT states as follows:

1-10. CHEMTREAT repeats and re-alleges paragraphs 1 through 10 of Count II of its cause of action as and for paragraphs 1 through 10 of Count VII of its cause of action against MICHELLE M.KINSMAN.

11. Defendant, MICHELLE M.KINSMAN, aided and abetted her husband in intentionally interfering with CHEMTREAT'S business relationships by participating in the creation of a business, REMA, for the sole purpose of competing with CHEMTREAT and diverting its customers.

7. Defendant, MICHELLE M.KINSMAN, was at all times aware that she was participating and assisting in the tortious activities of her husband.

WHEREFORE, Plaintiff CHEMTREAT, INC., a Virginia corporation, prays for judgment in its favor and against Defendant, MICHELLE M.KINSMAN, individually and d/b/a

REMA, for compensatory damages in an amount in excess of $75,000 and for punitive damages in the amount of $250,000, together with its costs of suit.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

### COUNT VIII

### (AIDING AND ABETTING BREACH OF FIDUCIARY OBLIGATION)

For Count VIII of its cause of action, against MICHELLE M.KINSMAN, CHEMTREAT states as follows:

1-9. CHEMTREAT repeats and re-alleges paragraphs 1 through 9 of Count III of its cause of action as and for paragraphs 1 through 9 of Count VIII of its cause of action, against MICHELLE M.KINSMAN.

10. Defendant, MICHELLE M.KINSMAN, aided and abetted her husband in breaching his fiduciary obligations to CHEMTREAT by conspiring with him to create a business, REMA, for the sole purpose of competing with CHEMTREAT and diverting its existing and potential prospective customers.

11. Defendant, MICHELLE M.KINSMAN, was at all times aware that she was participating in assisting in the tortious activities of her husband.

WHEREFORE, Plaintiff, CHEMTREAT INC., a Virginia corporation, prays for judgment in its favor and against Defendant, MICHELLE M.KINSMAN, individually and d/b/a/ REMA, for compensatory damages in an amount in excess of $75,000 and for punitive damages in the amount of $250,000 together with its costs of suit.

*PLAINTIFF DEMANDS TRIAL BY JURY.*

## COUNT IX

### (AIDING AND ABETTING BREACH OF FIDUCIARY OBLIGATION - CONSTRUCTIVE TRUST AND INJUNCTIVE RELIEF)

For Count IX of its cause of action, against Defendant, MICHELLE M.KINSMAN, CHEMTREAT states as follows:

1-8. CHEMTREAT repeats and re-alleges paragraphs 1 through 8 of Count IV of its cause of action as and for paragraphs 1 through 8 of Count IV of its cause of action, against MICHELLE M.KINSMAN.

9. Defendant, MICHELLE M.KINSMAN, aided and abetted her husband in breaching his fiduciary obligations to CHEMTREAT by conspiring with him to create a business, REMA, for the sole purpose of competing with CHEMTREAT and diverting its existing and potential prospective customers.

11. Defendant, MICHELLE M.KINSMAN, was at all times aware that she was participating in assisting in the tortious activities of her husband.

12. CHEMTREAT is at this point unable to accurately calculate the amount of the damages it has incurred as result of Defendants' actions due to the fact that the sales records of the customers diverted by Defendants are currently in Defendants' possession and the full extent of Defendants' wrongful conduct has not yet been fully determined.

WHEREFORE, Plaintiff, CHEMTREAT INC., a Virginia corporation, prays for the following equitable relief:

    a. For the imposition of a constructive trust upon all proceeds realized by MICHELLE M.KINSMAN, individually and d/b/a REMA from sales to CHEMTREAT'S existing and prospective customers in violation of GREGORY P. KINSMAN'S fiduciary duty;

b. For the imposition of a constructive trust upon any proceeds realized by MICHELLE M.KINSMAN, individually and d/b/a REMA as a result of any business activities deemed to be in competition with CHEMTREAT;

c. For a permanent injunction against Defendant, MICHELLE M.KINSMAN, individually and d/b/a REMA, enjoining them from continuing to sell to, service or otherwise conduct business with the customers, and prospective customers, of CHEMTREAT which were diverted as a result of Defendant, GREGORY P. KINSMAN'S breach of his fiduciary duties; and

c. For such other and further relief as the Court deems just and reasonable.

CASSIDY & MUELLER

By: *[signature]*
Attorneys for the Plaintiff,
CHEMTREAT, INC., a Virginia corporation

Andrew D. Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, Illinois 61602
Telephone: 309/676-0591

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ChemTreat, Inc

**DEFENDANTS** Gregory P Kinsman + Michelle M. Kinsman, Ind &d/b/a REMA Chemicals

(b) County of Residence of First Listed Plaintiff: State of Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Bureau
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew D Cassidy
323 Commerce Bank Bldg
Peoria IL 61602

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Diversity
Brief description of cause: Breach of Employment Contract and Interference w Contracts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 11-2-05
SIGNATURE OF ATTORNEY OF RECORD: Andrew D Cassidy

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE