## U.S. DISTRICT COURT
## FOR CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| CHEMTREAT, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 05-CV-1336 |
| GREGORY P. KINSMAN, and MICHELLE M. KINSMAN, individually and d/b/a RHEMA ELPIS ENTERPRISES, LLC, | ) ) ) ) ) | |
| Defendant. | ) | |

## RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER

**Now Comes, Gregory P. Kinsman and Michelle M. Kinsman, individually and d/b/a Rhema Elpis Enterprises, LLC**, **wrongfully sued as Rema Chemicals**, Defendants, and for their Response to the Motion of Plaintiff, **Chemtreat, Inc.**'s for Temporary Restraining Order states as follows:

1. The purpose of a temporary restraining order under Federal Rules of Civil Procedure 65(b) is to prevent irreparable injury until further action can be taken. Plaintiff's affidavit, supplied by Randall L. Azzarelo, fails to establish any immediate and irreparable harm will be had should a temporary restraining order not be put in place. By failing to define a specific injury, why such injuries are irreparable and why it is necessary for the court to enter such an order, the affidavit in and of itself fails to establish the need for the issuance of a temporary restraining order in this instance.

2. In addition to the failure of the affidavit to support the issuance of the temporary restraining order, Defendants would attach and submit the affidavit of Defendant, Greg Kinsman, in further opposition to said motion for temporary restraining order.

**Wherefore,** Defendants, **Gregory P. Kinsman, Michelle M. Kinsman, individually and d/b/a Rhema Elpis Enterprises, LLC, wrongfully sued as Rema Chemicals**, pray that the court deny Plaintiff's motion for temporary restraining order and for such relief as the court deems just and necessary.

                                                   **Gregory P. Kinsman, Michelle M. Kinsman, individually and d/b/a Rhema Elpis Enterprises, LLC**, Defendants

                                                   By:      s/ J. Kevin Wolfe

J. Kevin Wolfe
**HARVEY & STUCKEL, CHTD.**
331 Fulton Street, Suite 650
Peoria, IL 61602
Telephone:   (309) 671-4900
Facsimile:    (309) 671-5473

# U.S. DISTRICT COURT
## FOR CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CHEMTREAT, INC., a Virginia corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>GREGORY P. KINSMAN, and )<br>MICHELLE M. KINSMAN, individually )<br>and d/b/a RHEMA ELPIS )<br>ENTERPRISES, LLC, )<br><br>Defendant. ) | Case No.: 05-CV-1336 |

## AFFIDAVIT OF GREGORY P. KINSMAN

Gregory P. Kinsman, being first duly sworn, states as follows:

1. I was formerly employed by Chemtreat, Inc., as a salesman.

2. I am not currently employed in any form or fashion either by myself, by Michelle M. Kinsman, individually, or by Rhema Elpis Enterprises, LLC.

3. Rhema Enterprises, LLC is a single-member limited liability company owned by Michelle Kinsman with Illinois Limited Liability Act Business Code No. 454390. I own no portion of that business.

4. Michelle Kinsman, my wife, is not a "strawman"; she has a business degree from the University of Wisconsin and runs the day-to-day operations of Rhema. I am not working, and have applied for disability benefits from the Social Security Administration due to my illness.

5. I have never diverted customers from Chemtreat to Rhema and I have never "admitted" to anyone that I diverted customer accounts from Chemtreat to Rhema.

6. I have provided Chemtreat with all of the formulas, books, brochures, and any and all other information and material which I had previously used as a salesperson for Chemtreat. I have retained none of the formulas, trade secrets, lists or any other information which Chemtreat alleges is or are trade secrets.

7. Rhema manufactures no products and there is no disclosure of information relative to proprietary information of Chemtreat to Rhema.

8. On or about September 5, 2003, I was advised by Daniel J. O'Brien, manager of Sales Development, Midwest, that as a result of plant closures at LTV, Chemtreat had lost a little over $200,000.00 in business which would be difficult to recover. I was further advised that due to my illness, it had been difficult to maintain a satisfied customer base and they were determined to have a backup representative for me. All of this information was provided to Randy Azzarelo.

9. Since September 5, 2003, Chemtreat, Inc. has been and has continued to provide little or no support to my efforts at selling their product.

10. The reason for my dismissal is because I suffer from Fabrys Disease, a condition which causes organ system failure. The healthcare costs to Chemtreat exceeds $20,000.00 per month. Since 2003, and my diagnosis with this condition, Chemtreat has taken the position that I have not been able to maintain the accounts in my sales area. Cronic Osteomylitis is costing $20,000.00 per month for IV therapy.

11. While Plaintiff has characterized these various "accounts" as their customers, in reality they have had little contact with Chemtreat over the past two years. Ingersoll Rand last did business with Chemtreat on January 26, 2004 and its first sale date was in November of 2002. Monmouth College last did business with Chemtreat on October 18, 2004 and first did business with Chemtreat in August of 2002. Bob Evans Farm last did business with Chemtreat in February 2004. Illinois Cement last did business with Chemtreat in August of 2004.

12. Despite my efforts to maintain service and to represent their product in the best light, the information I received from these and other customers was that the Chemtreat product was overpriced and that they did not wish to do business with Chemtreat as they were currently offering their services.

Further Affiant sayeth not.

*Gregory P. Kinsman*
Gregory P. Kinsman

Subscribed and Sworn to before me this

9th day of November, 2005.

_____
Notary Public

OFFICIAL SEAL
ALAN M. DAVIS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES August 04, 2009

2