**E-FILED**
Tuesday, 06 March, 2007  10:21:29 AM
Clerk, U.S. District Court, ILCD

U.S. DISTRICT COURT
FOR CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHEMTREAT, INC. a Virginia corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  05 CV 1336 |
| | ) | |
| GREGORY P. KINSMAN, and MICHELLE M. KINSMAN, individually and d/b/a REMA CHEMICALS. | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENT  TO AGREED ORDER OF DISMISSAL**

Now come the parties, by their respective counsel,  and hereby supplement the previously filed Agreed Order of Dismissal with the attached Promissory Note which is identified in the prior submittals as Exhibit A to the Settlement Agreement and which was inadvertently omitted from the prior filings.

By: s/ Andrew D. Cassidy
    Cassidy & Mueller
    416 Main Street, Suite 323
    Peoria, IL 61602
    Telephone: 309/676-0591
    Fax: 309/676-8036
    E-mail: dcassidy@cassidymueller.com

By: s/ J. Kevin Wolfe, Esq.
    Harvey & Stuckel, Chtd.
    331 Fulton, Ste. 650
    Peoria, IL 61602
    Telephone: 309/671-4900
    Fax: 309/671-5473
    E-mail: jkwolfe@hslaw.us

Date: _____

_____
Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Kevin Wolfe                              jkwolfe@hslaw.us

By: s/ANDREW D. CASSIDY
CASSIDY & MUELLER
416 Main Street, Suite 323
Peoria, IL 61602
Telephone: 309/676-0591
Fax: 309/676-8036
E-mail: dcassidy@cassidymueller.com

2

# PROMISSORY NOTE

For value received, the undersigned, Gregory Kinsman, Michelle Kinsman and/or Rhema Elpis Enterprises, LLC, ("Payor") jointly and severally, promise to pay to the order of Chemtreat, Inc, a Virginia Corporation, or its registered assigns ("Payee") at the Payee's principal offices at 4461 Cox Road, Glen Allen, Virginia 23060, or at any other place as the holder of this Promissory Note may from time to time designate, the principal amount of $160,000 together with interest until paid in full at the rate specified below and any and all other amounts which may be due and owing to the holder of this Promissory Note by Payor, on the following terms and conditions:

Section 1.  **Monthly Payments**.  The Principal, together with interest at the agreed upon rate, will be paid as follows:

(a)    the principal sum of $160,000.00 shall be paid in equal annual installments of $40,000.00 each with the first payment due on or before May 30, 2007, (or the thirtieth day following receipt by Payor of sums due under a promissory note dated May 2006 between Chemtreat  Inc. Employee Stock Ownership Trust and Amcore Investment Group Custodian fbo Gregory P. Kinsman IRA), and the remaining installments due and payable on or before the 30th day of May of each year thereafter (subject to the same automatic extension in the event of delay in receipt of ESOP payments) until paid in full.

(b)    the entire outstanding principal balance, together with all accrued but unpaid interest and all other amounts evidenced by this Note shall be due and payable no later than the 30th day of May, 2010 ("Maturity Date"), subject to acceleration in Event of Default as provided herein.

Section 2.  **Interest**.  The outstanding principal balance shall accrue interest at the rate of 8.25% per annum. Accrual of interest shall commence as of November 30, 2006. All accrued but unpaid interest shall be added to each annual installment due under this Note and shall be paid on or before the 30th day of May of each year. Interest will be calculated on the basis of a 360 day year and shall result in annual payments, barring any pre-payment,  as set forth on the Payment Schedule attached hereto.

Section 3.  **Application of Payments**.  All payments made under this Note will be applied first  to accrued interest, and then to principal or in any other order or proportion as the holder may elect.

Section 4.  **Prepayment**.  The Payor may prepay this Promissory Note in whole or in part at any time without penalty or additional interest.

Section 5. **Events of Default and Remedies**. Without notice or demand of any kind (which are waived), the entire unpaid principal amount of, and all accrued interest on, this Promissory Note will immediately become due and payable at the option of the holder on the

occurrence of any one or more of the following events of default (individually or collectively, called a "Default"):

(a) The failure or refusal of the Payor to pay all or any part of the principal amount, or accrued interest, due under this Promissory Note as and when it becomes due and payable in accordance with the terms of this Note and the failure continues unremedied for three days after the date payment is due; or

(b) Either of the Payors: (i) become insolvent within the meaning of the Bankruptcy Code of the United States, as amended, (ii) admit in writing their inability to pay or otherwise fail to pay their debts generally as they become due, (iii) voluntarily seek, consent to, or acquiesce in the benefit or benefits of any Debtor Relief Law, or (iv) be made the subject of any proceeding provided for by any Debtor Relief Law that could suspend or otherwise affect any of the rights of the holder. As used in this Note, "Debtor Relief Law" means any provision of the Bankruptcy Code of the United States, as amended and all other applicable liquidation, conservatorship, bankruptcy, moratorium, rearrangement, receivership, insolvency, reorganization, or similar debtor relief law in effect affecting the rights of creditors generally; or

On the occurrence of a Default, the Payee, without notice or demand of any kind, may: (i) declare the entire unpaid principal amount of, plus accrued interest and other sums due on, this Promissory Note immediately due and payable, (ii) offset against this Promissory Note any sum or sums owed by the holder to the Payor, and (iii) proceed to protect and enforce its rights either by suit in equity and or by action at law, or by other appropriate proceedings, whether for the specific performance of any covenant or agreement contained in this Promissory Note or any document or instrument executed and delivered by Payor in connection with this Promissory Note or in aid of the exercise of any power or right granted by this Promissory Note or to enforce any other legal or equitable right of the holder of this Promissory Note.

Section 6. **Confession of Judgment.** On any Default under this Note, the Payor authorizes any attorney admitted to practice before any court of record in the United States on behalf of the Payor and at any time to confess judgment in any court against the Payor in the amount of $375,000.00, (less any principal payments made hereunder) plus attorneys' fees and cost and expenses of litigation as further described in the Settlement Agreement executed contemporaneously herewith. The Payor agrees that venue will be proper in any court in which judgment is confessed. The Payor waives the benefit of any and every statute, ordinance, or rule of court which may be lawfully waived conferring on the Payor any right or privilege of exemption, appeal, stay of execution, or supplementary proceedings, or other relief from the enforcement or immediately enforcement of a judgment or related proceedings on a judgment. The authority and power which the Payor has given for any attorney admitted to practice before any court of record in the United States to appear for and confess judgment against the Payor will be continuous authority which will not be exhausted or extinguished by any one or more exercises or imperfect exercises or by any one or more judgments entered and may be exercised on one or more occasions and at times after default and in the same or different courts or jurisdictions as the holder may consider necessary, convenient or proper.

Section 7. **Manner and Method of Payment**. All payments required to be made by the Payor under this Promissory Note will be made in United States currency. Should any payment of principal and/or interest on this Note fall due on a Saturday or Sunday or on another day which is a legal holiday for banks in Illinois, the due date shall be extended to the next succeeding bank business day on which it will be payable.

Section 8. **Subsequent Holders**. On any endorsement, assignment or other transfer of this Note by Payee or by operation of law, the term "Payee" will mean the endorsee, assignee or other transferee or successor to Payee then becoming the holder of this Note.

Section 9. **Cumulative Rights**. No delay on the part of the holder of this Promissory Note in the exercise of any power or right under this Promissory Note, or under any document or instrument executed in connection with this Note, will operate as a waiver, nor will a single or partial exercise of any other power or right.

Section 10. **Waiver**. The Payor, and each surety, endorser, guarantor, and other party ever liable for the payment of any sum of money payable on this Promissory Note, jointly and severally, waive demand, presentment, protest, notice of nonpayment, notice of intention to accelerate, notice of acceleration, notice of protest, and any and all lack of diligence or delay in collection or the filing of suit on this Note which may occur, and agree that their liability on this Promissory Note will not be affected by any renewal or extension in the time of payment hereof or by any indulgences and consent to any and all renewals, extensions, indulgences, releases, or changes, regardless of the number of renewals, extensions, indulgences, releases or changes.

Section 11. **Attorneys' Fees and Costs**. In the event a Default occurs, and in the event that this Promissory Note is placed in the hands of an attorney for collection, or in the event this Promissory Note is collected in whole or in part through legal proceedings of any nature, then the Payor promises to pay all costs of collection, including, but not limited to, reasonable attorneys' fees and costs and expenses of litigation incurred by the holder on account of such collection, whether or not suit is filed.

Section 12. **Notices**. Any notice or demand given under this Note by the holder will be deemed to have been given and received: (a) when actually received by the Payor, if delivered in person or by courier or messenger, or (b) three Business Days (defined below) after a letter containing the notice is deposited in the United States Mail, sent certified or registered mail, with postage prepaid, addressed to the Payor at 19493 1250 N. Avenue, Princeton, IL 61356 or any other address as the Payor will advise the holder in writing by like notice.

Section 13. **Governing Law**. This Promissory Note is being executed and delivered, and is intended to be performed, in Illinois, and Illinois law will govern the construction, validity, enforcement and interpretation of this Note, except to the extent federal laws otherwise govern the validity, construction, enforcement, and interpretation.

Section 14. **Headings**. The headings of the sections of this Promissory Note are inserted for convenience of reference only and will not be deemed to constitute a part of the Note.

Section 15. **Successors and Assigns**. All of the covenants, stipulations, promises and agreements in this Promissory Note including, without limitation, the Guaranties, made by or on behalf of the Payor will bind its successors and assigns, whether expressed or not; provided, however, that the Payor may not, without the prior written consent of the holder (which consent will not be unreasonably withheld), assign any rights, duties, or obligations under this Promissory Note.

Section 16. **Business Day**. For purposes of this Note, the term "Business Day" means any day on which the Federal Reserve Bank in Chicago, Illinois, or New York, New York, is not closed.

Section 17. **Effective Date**. This Promissory Note is to be considered effective and enforcement as of the date of actual execution and delivery.

_____     Date:_____, 2006
Gregory Kinsman

_____     Date: _____, 2006
Michelle Kinsman

_____     Date: _____, 2006
Rhema Elpis Enterprises LLC, by
Michelle Kinsman, it's authorized
representative

## **PAYMENT SCHEDULE**

May 30, 2007 ($160,000.00 @ .0825 x 6 months)  = $46,600.00

May 30, 2008 ($120,000.00 @ .0825 x 12 months) = $49,900.00

May 30, 2009 ($80,000.00 @ .0825 x 12 months)  = $46,600.00

May 30, 2010 ($40,000.00 @ .0825 x 12 months)  = $43,300.00