**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| CHEMTREAT, Inc., ) | |
| A Virginia Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-cv-1336-JBM |
| ) | |
| GREGORY P. KINSMAN, and ) | |
| MICHELLE M. KINSMAN, ) | |
| Individually and d/b/a/ ) | |
| RMA CHEMICALS, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court on the parties Agreed Motion for an Order. [Doc. 64] The parties have settled this case and have asked this Court to retain jurisdiction for purposes of an agreed permanent injunction.

At a recent hearing, the Court requested that the parties submit a proposed order that complies with Fed.R.Civ.P. 65(d). Rule 65(d) specifically forbids a permanent injunction from referencing another document. While the parties have given the Court the proper language for maintaining jurisdiction over this matter, their proposed order still references other documents in violation of rule 65(d). The parties have referenced a copy of their settlement agreement which then references the preliminary injunction entered by this Court which in turn references the two temporary restraining orders in this case. See Blue Cross

1

<u>and Blue Shield Ass'n v. American Express Co.</u>, 467 F.3d 634, 638 (7th Cir. 2006)(admonishing counsel and lower courts for making a similar mistake and failing to follow rule 65(d)).

Furthermore, even the documents which have been provided to the Court still reference additional documents which have not been made available to this Court. Nevertheless, this Court will construct an order disposing of this case which incorporates the settlement agreement and the original restraining orders as well as the language necessary for maintaining jurisdiction over the settlement.

IT IS ORDERED that this action is dismissed with prejudice pursuant to Rule 41(a)(2) with each party to bear its own costs. As a condition of this dismissal, the Court retains jurisdiction of this case to enforce compliance with the settlement agreement signed by Defendants on January 4, 2007. See, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). Accordingly the Court adopts the following language laid out in the documents provided to the Court.

A. The settlement agreement states as follows:

1.   Gregory Kinsman, Michelle Kinsman, and Rhema Elpis Enterprises, LLC, jointly and severally, agree to pay, and Chemtreat agrees to accept, the total sum of $200,000.00 as full and final satisfaction of all claims raised.

2.   The settlement amount shall be paid as follows:

   a.   $40,000.00 to be paid upon execution of this Agreement.

      b.    The balance of $160,000.00 to be paid in four equal installments of $40,000.00 each, together with interest accrued on each installment at 8.25% per annum. Said payments to be evidenced by a Promissory Note in essentially the form attached hereto to as Exhibit A.[1]

3.    Gregory Kinsman, Michelle Kinsman, and Rhema Elpis Enterprises, LLC further agree to the entry of a permanent injunction precluding any future business activity in competition with Chemtreat upon the same terms and conditions as the Preliminary Injunction currently in effect in the above-referenced litigation.

4.    In the event of default of the terms of this Agreement or of the Promissory Note contemplated hereby, Gregory Kinsman, Michelle Kinsman, and Rhema Elpis Enterprises, LLC authorize any attorney admitted to practice before any Court of record in the United States to confess judgment in any Court against Gregory Kinsman, Michelle Kinsman, and Rhema Elpis Enterprises, LLC, jointly and severally, in the amount of $375,000.00 (less any installment principal payments made) plus all attorney's fees and costs of suit incurred in the underlying litigation as well as in enforcement of this Agreement and/or the confession of judgment. In furtherance hereof, Gregory Kinsman, Michelle Kinsman, and Rhema Elpis Enterprises, LLC agree that venue will be proper in any Court which judgment is confessed and waive the benefit of any and every statute, ordinance, or rule of Court which may be lawfully waived conferring upon any of them any right of privilege of exemption, appeal, stay of execution or supplementary proceedings, or other relief from the enforcement or immediate enforcement of a judgment or related proceeding on said judgment. The authority and power granted by this clause will be continuance and will not be exhausted or extinguished by any one or more exercises or imperfect exercises or by any one or more judgments entered and may be exercised on one or more occasions and at times after default in the same or different courts or

---

[1] Exhibit A is available in the Court record as the supplement to the settlement agreement. (Doc. 66.)

jurisdictions as Chemtreat may consider necessary, convenient, or proper.

B. The preliminary injunction states as follows:

By agreement of the parties, in lieu of an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction, the Temporary Restraining Orders issued herein on November 9, 2005 against Michelle M. Kinsman, individually and D/B/A RHEMA ELPIS ENTERPRISE, LLC, and against GREGORY P. KINSMAN, shall be, and the same hereby are, converted, verbatim to preliminary injunctions to remain in full force and effect in all respects during the pendency of this matter or until further order of this Court.

C. The temporary restraining order against Defendant Gregory P. Kinsman states as follows:

IT IS THEREFORE ORDERED that GREGORY P. KINSMAN is hereby enjoined from:

    a. Soliciting, calling upon, communicating with, entering into any sales or servicing agreements with, or attempting to communicate with any person or entity that is or was a customer of CHEMTREAT (or any representative of such person or entity) with whom Defendant, GREGORY P. KINSMAN, had any contact, communication, or for which he had supervisory, sales or service responsibility during any of the eighteen (18) consecutive calendar months preceding his termination of employment with CHEMTREAT for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment sold, offered for sale, provided or under development by CHEMTREAT, either for his

        own benefit or on behalf of any other person or entity;

    b. Soliciting, calling upon, communicating with, entering into any sales or servicing agreements with, or attempting to communicate with any person or entity (a representative of such entity) for which Defendant, GREGORY P. KINSMAN, performed or participated in a survey or written proposal during the twelve (12) consecutive calendar months preceding his termination of employment with CHEMTREAT for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment sold, offered for sale, provided or under development by CHEMTREAT, either for his own benefit or on behalf of any other person or entity;

    c. Disclosing to any persons or entities any information relating to inventions, products, product specification, processes, procedures, prices, discounts, manufacturing costs, business affairs, future plans, technical data, customer lists, product formulations, marketing techniques and cost data received or learned by him during his course of GREGORY P. KINSMAN'S employment with CHEMTREAT;

    d. Engaging in any business or other endeavor in competition with CHEMTREAT.

This Temporary Restraining Order shall become effective immediately upon Plaintiffs posting of a security bond in the amount of $100.00 in accordance with FRCP 65.1 and shall remain in effect until December 15, 2005 at 1:00 p.m. unless otherwise modified by Order of this Court.

4. The temporary restraining order against Michelle M. Kinsman states as follows:

    IT IS THEREFORE ORDERED that MICHELLE M. KINSMAN, individually and d/b/a RHEMA ELPIS ENTERPRISE, LLC, is hereby enjoined from:

a.  Soliciting, calling upon, communicating with, entering into any sales or servicing agreements with, or attempting to communicate with any person or entity that is currently a customer of CHEMTREAT (or any representative of such person or entity) with whom Defendant, GREGORY P. KINSMAN, had any contact, communication, or for which he had supervisory, sales or service responsibility during any of the eighteen (18) consecutive calendar months preceding his termination of employment with CHEMTREAT for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment sold, offered for sale, provided or under development by CHEMTREAT;

b.  Servicing, selling to or calling upon any former CHEMTREAT customer with is a current customer of RHEMA ELPIS ENTERPRISES, LLC (or any representative of such person or entity) whose current customer relationship resulted from the wrongful conduct of GREGORY P. KINSMAN as alleged in Plaintiff's Complaint;

c.  Soliciting, calling upon, communicating with, entering into any sales or servicing agreements with, or attempting to communicate with any person or entity (a representative of such entity) for which Defendant, GREGORY P. KINSMAN, performed or participated in a survey or written proposal during the twelve (12) consecutive calendar months preceding his termination of employment with CHEMTREAT for the purpose of selling, offering for sale, influencing the purchase of, or otherwise providing any product, service or equipment competitive with any product, service or equipment sold, offered for sale, provided or under development by CHEMTREAT, either for his own benefit or on behalf of any other person or entity;

d.  Disclosing to any persons or entities any information relating to inventions, products, product specification, processes, procedures, prices, discounts, manufacturing costs, business

6

>affairs, future plans, technical data, customer lists, product formulations, marketing techniques and cost data received or learned by it as a result of GREGORY P. KINSMAN'S employment with CHEMTREAT;

This Temporary Restraining Order shall become effective immediately upon Plaintiffs posting of a security bond in the amount of $100.00 in accordance with FRCP 65.1 and shall remain in effect until December 15, 2005 at 1:00 p.m. unless otherwise modified by Order of this Court.

IT IS THEREFORE ORDERED that pursuant to Rule 41(a) and 65(d) the Parties Motion for an Order is GRANTED. A permanent injunction is entered against the Defendants the terms of which are the same as the terms of the two restraining orders incorporated *supra*. In conformity with the intent of the Settlement Agreement and the Rule 65(d) requirement that this Order state the reasons for the issuance of an injunction, the Court finds that this injunctive relief is necessary because of the following actions of Defendants:

>In violation of his contractual and fiduciary duties owed Plaintiff, Defendant Gregory P. Kinsman ("CPK") formed a competing chemical business with his wife Defendant Michelle M. Kinsman ("MMK"), known as REMA, on behalf of which CPK breached his fiduciary duty, breached his employment contract, and breached the covenant not to compete; and MMK aided and abetted in the breach of his fiduciary duty.

The Court will maintain jurisdiction for enforcement of this Order. The Clerk is directed to enter Judgment in this case. The injunction ordered herein is binding as provided in Rule 65(d) of the Federal Rules of Civil Procedure.

CASE TERMINATED.

ENTERED this  8th  day of March, 2007.

s/Joe Billy McDade
Joe Billy McDade
United States District Judge
